[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 201 
The plaintiff, Bernard Graveman, as father and next friend of Stephanie Graveman, a deceased minor, appeals from a summary judgment in favor of the defendant Wind Drift Owners' Association, Inc. ("Wind Drift"). We affirm.
Graveman's 15-year-old daughter Stephanie was struck by a vehicle operated by Ron Shoemake as she ran across Alabama Highway 182 between units in Wind Drift's condominium complex. Graveman's claim against Shoemake is not considered in this appeal. The condominium complex, known as Wind Drift at Perdido Key, was constructed so that the residence units are on one side of the highway and the pool, beach, and some recreational facilities are on the other side. Graveman alleges that this construction resulted from a negligent design, and the allegedly negligent design was the basis of his wrongful death claim.
The record indicates that Stephanie was a social guest at the condominium complex. Wind Drift presented undisputed evidence that the scene of the accident was within the exclusive jurisdiction of the State Highway Department. The speed limit at the accident site was 55 mph. The record further indicates that there was no obstruction of view in the path from one side of the highway to the other at the accident site. The highway at the scene of the accident is straight and level.
Graveman argues that the trial court improperly converted Wind Drift's motion to dismiss into a motion for summary judgment and then improperly granted that motion.
 I. Conversion of Motion to Dismiss
Wind Drift moved to dismiss the complaint for failure to state a claim upon which relief could be granted. Both parties submitted letter briefs to the court after Wind Drift filed its motion. Wind Drift also relied upon, and referred the court to, two sworn affidavits filed in support *Page 202 
of other defendants' motions. Because the parties submitted matters outside the pleadings, the trial court converted Wind Drift's motion to dismiss into a motion for summary judgment. This treatment is proper where, as here, the parties, in support of, or in opposition to, the motion, file matters outside the pleadings and these matters are not excluded by the court. Garris v. Fed. Land Bank of Jackson,584 So.2d 791, 793 (Ala. 1991); Underwood v. Allstate Ins. Co.,590 So.2d 258 (Ala. 1991); Rule 12(b), A.R.Civ.P.
The requirements of Rule 56 apply to a converted Rule 12(b)(6) motion. Hales v. First Nat'l Bank of Mobile,380 So.2d 797, 799 (Ala. 1980). Together, Rules 12 and 56 require that the nonmovant receive (1) adequate notice that the trial court intends to treat the motion as one for summary judgment and (2) a reasonable opportunity to present material in opposition. Davis v. Howard, 561 F.2d 565, 571-72
(5th Cir. 1977); Hales, at 799. This Court has held that the same 10 days' notice required when a party moves for summary judgment is also required for a converted motion for summary judgment. Hales, at 799. This Court has further held that "the record must adequately demonstrate that all counsel were aware of the intentions of the [trial] judge to treat the motion as converted." Hales, at 799-800 (quoting Davis, at 571-72).
Although the record does not demonstrate that Graveman had notice of the trial court's intention to treat the motion as converted, Graveman does not challenge the adequacy of notice. In addition, Graveman does not dispute Wind Drift's assertion that it sent Graveman a copy of its letter brief and its request that the motion be treated as a summary judgment motion. Moreover, in opposition to Wind Drift's motion to dismiss, Graveman himself filed matters outside the pleadings. Graveman thereby caused the motion to dismiss to be converted to a motion for summary judgment. Rule 12(b), A.R.Civ.P.
The record indicates that three months lapsed between the time Graveman received notice of Wind Drift's request to convert the motion and the time the trial court granted Wind Drift's converted motion for summary judgment. The appellant thus had adequate notice and a reasonable opportunity to present material in opposition to the motion. The requirements of Rule 12(b) and Hale relating to converting a motion to dismiss into one for summary judgment have thus been satisfied. Therefore, the trial court properly treated Wind Drift's motion to dismiss as a motion for summary judgment.
 II. Grant of Summary Judgment
Graveman also challenges the trial court's grant of Wind Drift's converted motion for summary judgment. "In reviewing the disposition of a motion for summary judgment, we utilize the same standard as the trial court in determining whether the evidence before [it] made out a genuine issue of material fact" and whether the defendant was "entitled to a judgment as a matter of law." Bussey v. John Deere Co.,531 So.2d 860, 862 (Ala. 1988) (citing Chiniche v. Smith,374 So.2d 872 (Ala. 1979)); Rule 56(c), A.R.Civ.P. Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and resolve all reasonable doubts against the movant. Hanners v.Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala. 1990);Harrell v. Reynolds Metals Co., 495 So.2d 1381, 1383
(Ala. 1986); Wilson v. Brown, 496 So.2d 756, 758
(Ala. 1986).
The movant has the burden of making a prima facie showing, by admissible evidence, that there is no genuine issue of material fact. Berner v. Caldwell, 543 So.2d 686, 688
(Ala. 1989); Woodham v. Nationwide Life Ins. Co.,349 So.2d 1110, 1111 (Ala. 1977). Once the movant has made this showing, the opposing party then has the burden of presenting evidence creating a genuine issue of material fact. Danfordv. Arnold, 582 So.2d 545, 546 (Ala. 1991); Bass v.SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98
(Ala. 1989). *Page 203 
The present action was filed after June 11, 1987; therefore, the movant must meet the burden of establishing the existence of a genuine issue of material fact by substantial evidence. Ala. Code 1975, § 12-21-12; Bass v. SouthTrust Bank ofBaldwin County, supra. "Substantial evidence" is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v.Founders Life Assurance Co. of Florida, 547 So.2d 870, 871
(Ala. 1989).
With regard to the negligence claim, we recognize that before liability for negligence can be imposed, there must first be a legal duty owed to the person injured or to a class of persons to which the plaintiff belongs, and a breach of that duty, proximately resulting in the injury. Hill v. Reaves,224 Ala. 205, 206, 139 So. 263 (1932). The existence of a duty to the plaintiff is fundamental to a negligence claim. Cityof Bessemer v. Brantley, 258 Ala. 675, 681, 65 So.2d 160,165 (1953). There must be either an underlying common law duty or a statutory duty of care with respect to the allegedly tortious conduct. The question on this appeal is whether the evidence, when considered in a light most favorable to the plaintiff, would support his contention that the defendant Wind Drift owed a duty to Stephanie as she crossed the state highway.
The plaintiff contends that Stephanie was an invitee and that Wind Drift had a common law duty to protect and/or to warn her of foreseeable risks upon, around, or beyond the premises. The evidence, however, indicates that Stephanie was a social guest at the Wind Drift condominium complex. She was visiting a friend who was a registered guest at Wind Drift. As a social guest, she would be considered a licensee, rather than an invitee, of the landowner, Wind Drift. Bryant v.Morley, 406 So.2d 394, 395 (Ala. 1981) (holding that in Alabama "an invited social guest is a licensee of the landowner") (citing Morgan v. Kirkpatrick, 276 Ala. 7,158 So.2d 650 (1963)).
The duty of a landowner to a licensee is two-fold: 1) to abstain from willfully or wantonly injuring the licensee, and 2) to avoid negligently injuring the licensee after the landowner discovers a danger to the licensee. Raney v.Roger Downs Ins. Agency, 525 So.2d 1384, 1387 (Ala. 1988);Lloyd v. Joseph, 496 So.2d 771, 773 (Ala. 1986);Bryant v. Morley, 406 So.2d 394, 395 (Ala. 1981);Autrey v. Roebuck Park Baptist Church, 285 Ala. 76,81, 229 So.2d 469, 474 (1969). The duty owed by landowners toward licensees is not an active one to safely maintain the premises; rather, the law imposes upon a landowner the duty of not setting traps or pitfalls and not willfully or wantonly injuring the licensee, a "trap" being a danger that a person who does not know the premises could not avoid by reasonable care and skill. Copeland v. Pike Liberal Arts School,553 So.2d 100, 103 (Ala. 1989); W.S. Fowler Rental Equip.Co. v. Skipper, 276 Ala. 593, 600, 165 So.2d 375, 381-82
(1963). This Court has held that this duty is not to unduly restrict a landowner's right to use the land:
 "This duty does not restrict the owner or possessor's right to make use of the property or to make such changes therein as he may desire, but requires him, if he does any positive act creating a new danger to a person who may exercise the license, to give such licensee reasonable notice or warning of the new danger or to exercise reasonable care to provide safeguards against such new danger."
Skipper, 276 Ala. at 600, 165 So.2d at 382.
A landowner who undertakes affirmative conduct creating a danger, independent and distinct from a condition of the premises, must give licensees reasonable notice or warning of the danger or exercise reasonable care to safeguard against the danger. Orr v. Turney, 535 So.2d 150, 154 (Ala. 1988). There is no duty to warn of open and obvious defects of which the injured party should be aware in the exercise of reasonable care. Edwards v. City of Birmingham, 447 So.2d 704,705 (Ala. 1984). The record indicates that the highway in front of the condominium at the accident site was straight and level. The *Page 204 
record indicates that nothing obstructed the view of those attempting to cross the highway. The dangers involved in crossing this public highway were open and obvious.
The record also indicates that, before crossing the highway, Stephanie looked both ways and saw the vehicle that eventually struck her. She was 15 years old and either recognized or should have recognized the risks involved in crossing a state highway in front of oncoming traffic. Because the dangers involved were open and obvious and because Stephanie should have been aware of them in the exercise of reasonable care, Wind Drift owed her no duty to warn of these dangers.
The appellant also contends that because Wind Drift's land abuts the public highway, Wind Drift owes additional duties to the public. This Court has recognized that a landowner's duty extends beyond the premises where the land abuts public ways or sidewalks. See, e.g., Louis Pizitz Dry Goods Co. v.Harris, 270 Ala. 390, 393, 118 So.2d 727, 729 (1959);City of Birmingham v. Wood, 240 Ala. 138, 141,197 So. 885, 887 (1940); Texas Co. v. Williams, 228 Ala. 30,31, 152 So. 47 (1934); Hill v. Reaves, 224 Ala. 205,207, 139 So. 263, 264 (1932). These landowners, in the use and enjoyment of their property, must exercise ordinary care not to cause or permit a condition to exist that will result in injury to others in the rightful use of the sidewalk or street adjacent to the property. See Hill v. Reaves
(regarding duty of a private landowner abutting a public sidewalk). Ordinary care requires that the owner "do no affirmative act that will create an unsafe condition in the public way fronting his property." Louis Pizitz Dry GoodsCo. v. Harris, 270 Ala. at 393, 118 So.2d at 729.
The plaintiff presented no evidence that Wind Drift did any affirmative act that created an unsafe condition that caused his daughter's death. The risks involved in crossing the highway existed before Wind Drift constructed its units. The state highway was within the exclusive jurisdiction of the State Highway Department; Wind Drift had no authority to make any improvements to the state highway. Under these facts, nothing establishes a duty owed by Wind Drift to Stephanie.
The plaintiff also contends that Wind Drift, as a condominium owners' association, should be held to the same standard of care as a landlord with respect to the care and maintenance of common areas. A landlord's duty is restricted to halls, stairways, porches, walks, and other such areas intended for the common use of tenants. Hancock v. Alabama Home MortgageCo., 393 So.2d 969, 970 (Ala. 1981); Preston v.LaSalle Apartments, Inc., 241 Ala. 540, 543, 3 So.2d 411,413 (1941); Prudential Ins. Co. of America v. Zeidler,233 Ala. 328, 333, 171 So. 634, 638 (1936). A state highway, however, is not a common area that a landlord would be responsible for maintaining.
Because Graveman did not present substantial evidence of a legal duty owed by the defendant Wind Drift to his daughter, he did not rebut Wind Drift's prima facie showing that it had not acted negligently or wantonly. Therefore, the trial court's entry of summary judgment in favor of Wind Drift's is affirmed.
AFFIRMED.
MADDOX, SHORES, HOUSTON and KENNEDY, JJ., concur.