BEATTY, Retired Justice.
The plaintiff, Hugh P. Brindley, D.M.D., P.A., appeals from the dismissal of his complaint against Cullman Regional Medical Center. Our supreme court transferred the appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975. We reverse and remand.
Brindley is a dentist who is licensed to perform oral and maxillofacial surgery. For approximately 20 years, he has been an active member of the Medical Center’s medical staff, enjoying full staff privileges. The Medical Center recently amended its bylaws to require that all active staff members reside within 30 miles of the Medical Center. Brindley resides more than 30 miles from the Medical Center. As a result of the amendment to the bylaws, he became a member of the courtesy staff, rather than the active staff.
Brindley sued the Medical Center, alleging that its amendment of the bylaws was arbitrary and capricious, that the residence requirement was not applied to every member of the active staff, and that the reduction in his staff privileges would deprive him of approximately 50% of his income. Brindley claimed that the Medical Center had intentionally interfered with his business relationships and had made fraudulent representations to him that affected his employment. The Medical Center moved to dismiss Brind-ley’s complaint pursuant to Rule 12(b)(6), Ala. R. Civ. P., alleging, in essence, that the complaint failed to state a claim against it upon which relief could be granted. The Medical Center contended that if Brindley was its employee, he was an employee-at-will; that no contract existed between the *1263 parties; that Brindley had not exhausted his administrative remedies; and that it was immune from suit pursuant to the Health Care Quality Improvement Act, 42 U.S.C. § 11101 et seq. After hearing argument on the Medical Center’s motion to dismiss, the trial court directed the attorneys to file briefs regarding the dismissal issue.
The Medical Center filed a brief in support of its motion, to which brief it appended a copy of the bylaws under which Brindley was granted active staff membership, a copy of the amended bylaws, its answers to Brind-ley’s interrogatories, an affidavit from its assistant vice president of quality management, a copy of the Health Care Quality Improvement Act, and copies of several judicial opinions it relied on in its brief. The same day, Brindley filed a brief in opposition to the Medical Center’s motion. Brindley later filed an amendment to his opposition; in that amendment he objected to the Medical Center’s submission of “evidentiary testimony.” The trial court dismissed Brindley’s complaint. In a notation on the case action summary sheet, the court stated: “ORDERED, after hearing and consideration of parties’ briefs, Defendant’s motion to dismiss is granted and this ease is dismissed, costs to Plaintiff.” Brindley appealed.
First, we must determine the standard of review applicable to this case. Brindley argues that we should apply the standard applicable to this court’s review of the dismissal of a case, while the Medical Center argues that we should apply the standard applicable to this court’s review of a summary judgment because the trial court considered matters outside the pleadings. The Medical Center is correct. “When a trial court considers matters outside the pleadings on a motion to dismiss, that motion converts into a motion for summary judgment pursuant to Rule 12(b) A.R.Civ.P., ‘regardless of its denomination and treatment by the trial court.’ ” Poston v. Smith, 666 So.2d 833, 834 (Ala.Civ.App.1995) (quoting Boles v. Blackstock, 484 So.2d 1077, 1079 (Ala.1986)).
The pertinent portion of Rule 12(b) states:
“If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.”
If a Rule 12(b)(6) motion to dismiss is converted into a motion for a summary judgment, both parties must be given “ ‘a reasonable opportunity to submit affidavits and other extraneous proofs to avoid a [party’s] being taken by surprise through conversion of the motion to dismiss to one for summary judgment.’ ” Poston, 666 So.2d at 834 (quoting Hales v. First Nat’l Bank of Mobile, 380 So.2d 797, 799 (Ala.1980)). “The requirements of Rule 56 apply to a converted Rule 12(b)(6) motion.” Graveman v. Wind Drift Owners’ Ass’n, Inc., 607 So.2d 199, 202 (Ala.1992).
As in Poston, it appears that neither the parties nor the trial court was aware at the time that the Medical Center’s motion to dismiss was converted into a motion for a summary judgment, although the Medical Center now makes a summary judgment argument on appeal. The trial court does not state specifically what matters it considered in deciding to dismiss the case, but does refer to the hearing on the Medical Center’s motion and to the parties’ briefs. In some instances, briefs and arguments of counsel that are submitted to and considered by a trial court are considered to be matters outside the pleadings that are sufficient to convert a Rule 12(b)(6) motion into a motion for a summary judgment. Poston, 666 So.2d at 834-35. We note that in addition to submitting evidentiary materials with its brief, the Medical Center referred in that brief to matters outside the pleadings and discussed documentation that does not appear of record.
A motion to dismiss pursuant to Rule 12(b)(6) contemplates only the determination of whether the plaintiffs complaint states a claim upon which relief can be granted, and matters outside the pleadings never *1264 should be considered in deciding whether to grant such a motion. Hales, 380 So.2d at 797. The trial court’s apparent consideration of matters outside the pleadings on the Medical Center’s motion to dismiss, without following the procedural requirements of Rule 56, Ala. R. Civ. P., was error prejudicial to both parties. Poston, 666 So.2d at 835. Accordingly, the judgment is reversed and the cause is remanded to assure that the procedural safeguards of Rule 56 are provided to both parties. On remand, either party may file a motion for a summary judgment and the trial court may conduct the appropriate hearing to afford all parties proper notice and the opportunity to present evidence in compliance with Rule 56, after which the court will be in a position to determine whether any genuine issue of material fact exists in this case. We caution the parties, as we did in Poston, that our opinion “should not be construed as a determination of whether summary judgment is proper as to either the claim or the defense, but only that both parties were denied the procedural rights afforded them by Rules 12 and 56, A.R.Civ.P.” 666 So.2d at 835.
The judgment of the trial court is hereby reversed and the cause is remanded for further proceedings consistent with this opinion.
The foregoing opinion was prepared by Sam A. Beatty, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.
CRAWLEY, J., concurs in the result.