PER CURIAM.
Dorothy M. Richardson appealed from a judgment of the Montgomery Circuit Court. The Court of Civil Appeals affirmed, without opinion, on May 1, 1998. Richardson v. Lee High Apartments 740 So.2d 495 (Ala.Civ.App.1998) (table). We granted certiorari review.
We reverse the judgment of the Court of Civil Appeals and remand with instructions for that court to direct the trial court to comply with Rule 12(c), Ala. R.Civ.P. Rule 12(c) states:
“If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.”
This Court, in Graveman v. Wind Drift Owners’ Ass’n, Inc., 607 So.2d 199 (Ala.1992), stated:
“The requirements of Rule 56 apply to a converted Rule 12(b)(6) motion. Hales v. First Nat’l Bank of Mobile, 380 So.2d 797, 799 (Ala.1980). Together, Rules 12 and 56 require that the nonmovant receive (1) adequate notice that the trial court intends to treat the motion as one for summary judgment and (2) a reasonable opportunity to present material in opposition. Davis v. Howard, 561 F.2d 565, 571-72 (5th Cir.1977); Hales, at 799. This Court has held that the same *1113 10 days’ notice required when a party moves for summary judgment is also required for a converted motion for summary judgment. Hales, at 799. This Court has further held that ‘the record must adequately demonstrate that all counsel were aware of the intentions of the [trial] judge to treat the motion as converted.’ Hales, at 799-800 (quoting Davis, at 571-72).”
607 So.2d at 202.
The record on appeal does not adequately demonstrate that all counsel were aware of the trial judge’s intention to treat the motion for judgment on the pleadings as a motion for summary judgment.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, HOUSTON, KENNEDY, COOK, SEE, LYONS, BROWN, and JOHNSTONE, JJ., concur.