MOORE, Judge.
 

 On December 13, 2007, Hajo Drees filed a complaint in the Jefferson Circuit Court against Kile T. Turner and Richard L. Vincent, asserting claims of invasion of privacy, abuse of process, intentional infliction of emotional distress, and the tort of outrage. Drees’s claims arose out of a child-custody-modification case between Angela Turner, Drees’s current wife, and her former husband, Kile T. Turner (“the Turner custody case”). According to Drees, during the Turner custody case, Kile and his attorney in those proceedings, Richard L. Vincent, knowingly made false representations to the Jefferson Circuit Court that Drees had been convicted of domestic violence toward his former wife and one of his children. Drees attached a number of exhibits to his complaint, including several filings, orders, motions, and
 
 *602
 
 excerpts from transcripts of the hearings in the Turner custody case.
 

 On January 4, 2008, Drees filed an amended complaint, adding Sara Turner, Kile’s current wife, as a defendant, and attaching additional excerpts from the court proceedings in the Turner custody case, along with several other exhibits. In his amended complaint, Drees alleged that Sara had aggressively contacted his former wife in connection with the Turner custody case and that she had “stated to public and private persons in person and through documents” that Drees had been convicted of domestic violence.
 

 On January 5, 2008, Kile filed a motion to dismiss asserting that Drees’s complaint against him failed to state a claim upon which relief could be granted and that the statements complained of by Drees were privileged because they had occurred during a judicial proceeding. On January 6, 2008, Sara filed a motion to dismiss in which she also asserted that Drees’s amended complaint against her failed to state a claim upon which relief could be granted; attached to Sara’s motion were several exhibits, some of which had not been attached to Drees’s original complaint or his amended complaint.
 

 On January 13, 2008, Vincent filed a motion to dismiss; he also requested an award of attorney fees and costs against Drees. Vincent’s motion also had exhibits attached; some of those exhibits had not been attached to Drees’s original complaint or his amended complaint.
 

 On February 19, 2008, Drees filed separate responses to Kile’s, Vincent’s, and Sara’s motions to dismiss; Drees also included in those filings motions for a partial summary judgment against Kile, Vincent, and Sara on Drees’s claims alleging invasion of privacy and abuse of process. Attached to each of Drees’s responses, in addition to other exhibits, was the entire transcript of a motion hearing in the Turner custody case that had not been attached as an exhibit in any previous filings in the case.
 

 On March 28, 2008, the trial court entered three separate orders granting Kile’s, Vincent’s, and Sara’s motions to dismiss. Drees filed a postjudgment motion on April 11, 2008; that motion was denied by the trial court on April 16, 2008. Drees filed a notice of appeal to the Alabama Supreme Court on May 8, 2008; that court transferred the appeal to this court, pursuant to Ala.Code 1976, § 12-2-7.
 

 Before reaching the merits of Drees’s appeal, we must first determine the applicable standard of review. Each of the parties on appeal asserts that the applicable standard of review in this case is the standard applicable to a dismissal. Additionally, the trial court, in each of its dismissal orders, cited Rule 12(b)(6), Ala. R. Civ. P., and the standard applicable to motions to dismiss. However, in each of its orders, the trial court also noted that it concurred with a statement made by the trial judge at a healing in the Turner custody case and then quoted that statement.
 

 Rule 12(b), Ala. R. Civ. P., states, in pertinent part:
 

 “If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, [Ala. R. Civ. P.,] and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.”
 

 The statement quoted by the trial court from the Turner custody case did not ap
 
 *603
 
 pear in Drees’s complaint or amended complaint or in the exhibits attached thereto. In fact, the transcript containing that statement did not appear in any of the filings in the present case until it was included as an exhibit attached to each of Drees’s responses to Kile’s, Vincent’s, and Sara’s motions to dismiss.
 

 In
 
 Ponton v. Smith,
 
 666 So.2d 833 (Ala.Civ.App.1995), this court observed that, in purporting to rule on a motion to dismiss, the trial court had considered matters outside the pleadings and, therefore, the motion had been converted into a motion for a summary judgment; this court determined that, although neither the parties nor the trial court had apparently been aware that the matter had been converted into a motion for a summary judgment, the failure to notify the parties that the motion had been converted was prejudicial to both parties and, therefore, the cause was due to be remanded. 666 So.2d at 834-35. This court explained that
 

 “if a motion pursuant to Rule 12(b)(6), A[la], R. Civ. P., is converted into a motion for summary judgment, both parties must be given ‘a reasonable opportunity to submit affidavits and other extraneous proofs to avoid a party being taken by surprise through conversion of the motion to dismiss to one for summary judgment.’
 
 Hales v. First National Bank of Mobile,
 
 380 So.2d 797, 799 (Ala.1980). ‘The requirements of Rule 56 apply to a converted Rule 12(b)(6) motion.’
 
 Graveman v. Wind Drift Owners’ Association, Inc.,
 
 607 So.2d 199, 202 (Ala.1992).”
 

 666 So.2d at 834. In the present case, as in
 
 Poston,
 
 the parties were not given “an opportunity to introduce affidavits and other evidence in opposition to a motion for summary judgment to demonstrate that genuine issues of material fact exist,” when the same should have been permitted. 666 So.2d at 835.
 
 See also Hugh P. Brindley, D.M.D., P.A. v. Cullman Reg’l Med. Ctr.,
 
 709 So.2d 1261, 1264 (Ala.Civ.App.1998) (case remanded to assure that the procedural safeguards of Rule 56, Ala. R. Civ. P., are provided to both parties); and
 
 Jacobs v. Whaley,
 
 987 So.2d 1143, 1147 (case remanded when trial court did not communicate to parties its intention to treat a motion to dismiss as one for a summary judgment and therefore did not observe procedural requirements of Rule 56(c), Ala. R. Civ. P.).
 

 Because we conclude that the trial court considered evidence outside the pleadings in disposing of Kile’s, Vincent’s, and Sara’s motions to dismiss, thereby converting each of their respective motions into summary-judgment motions, we reverse the trial court’s dismissal orders and remand the cause for further proceedings consistent with this opinion.
 

 Vincent’s request for damages, pursuant to Rule 38, Ala. R.App. P., is denied.
 

 REVERSED AND REMANDED WITH INSTRUCTIONS.
 

 THOMPSON, P.J., and PITTMAN and THOMAS, JJ., concur.
 

 BRYAN, J., dissents, without writing.