MOORE, Judge.
Paul O'Conner[1] appeals from a judgment of the Wilcox Circuit Court ("the *976 trial court") granting a motion for a summary judgment, see discussion, infra, filed by Herbert J. Furman, Jr., and Marian Furman.[2] We reverse the trial court's judgment.
Facts and Procedural History
On September 19, 2014, O'Conner filed a complaint against the Furmans, asserting that they had trespassed on his property by cutting the timber on that property ("the civil trespass action"). O'Conner included in the complaint a description of his property on which the Furmans had allegedly cut timber. On October 31, 2014, the Furmans filed a motion to dismiss O'Conner's complaint. They asserted, among other things, that the parties had previously been before the trial court for a determination of the boundary line between the property belonging to O'Conner and the property belonging to the Furmans in case no. CV-03-79 ("the boundary-line action"); that the boundary line between the parties' properties had been determined by a judgment entered on April 9, 2007, in the boundary-line action; that O'Conner had not appealed that judgment, but had filed more than four motions to set aside that judgment, each of which had been denied; that, on March 21, 2009, O'Conner had been found in contempt of a portion of the judgment entered in the boundary-line action directing the parties not to trespass against one another; and that, in a criminal proceeding conducted in the Wilcox District Court ("the district-court action"), Herbert had been found innocent of criminal trespass on May 1, 2013, with regard to the same allegations as those asserted by O'Conner in his complaint in the civil trespass action. The Furmans attached to their motion to dismiss the judgment entered in the boundary-line action; in that judgment, Judge Marvin W. Wiggins had made the following conclusions:
"1. That the boundary line between [the] parties is hereby established as the West and South lines displayed on Exhibit One as the Resurvey of Olivia Martin Property.
"2. That the [re]survey of Olivia Martin property labeled as Exhibit One is hereby incorporated into the Order and made an exhibit hereto.
"3. That the claim for damages is hereby DENIED."
O'Conner filed a response to the Furmans' motion to dismiss on January 12, 2015, asserting, among other things, that the trial court's judgment in the boundary-line action was not a final judgment and, thus, that the doctrine of res judicata was inapplicable to his claim in the civil trespass action. He attached to his response certain filings or portions thereof from the boundary-line action. On January 13, 2015, the trial court denied, without prejudice, the Furmans' motion to dismiss. In that same order, the trial court transferred the case to Judge Wiggins.[3]
On February 3, 2015, the Furmans filed a second motion to dismiss;[4] they attached *977 to their motion a number of filings from the boundary-line action and asserted that the judgment in the boundary-line action barred O'Conner's complaint in the civil trespass action, based on the doctrines of res judicata and equitable estoppel. Following the recusal of Judge Wiggins and the remaining judges of the Wilcox Circuit Court, the Alabama Supreme Court entered an order assigning the case to Judge C. Robert Montgomery, a circuit-court judge in Washington County.
On January 4, 2017, the Furmans submitted a number of supplementary exhibits to their second motion to dismiss, including, among other things, exhibits from the boundary-line action and the district-court action. A hearing was held on January 25, 2017. On January 31, 2017, the trial court entered an order indicating that it had reviewed the file in the boundary-line action and all the pleadings, motions, and exhibits that had been filed in the civil trespass action and had considered the arguments of counsel presented at a hearing conducted on January 31, 2017. The trial court concluded that the doctrines of res judicata and collateral estoppel barred O'Conner's claim in the civil trespass action, and it "dismissed" O'Conner's complaint, with prejudice. Additionally, the trial court noted: "Because of the repeated abuse of the legal process demonstrated by ... O'Conner, it is further ordered that any further frivolous filings by ... O'Conner will constitute contempt of this Court, and a violation of this Order." O'Conner filed his notice of appeal to the Alabama Supreme Court on February 21, 2017; that court transferred the appeal to this court, pursuant to Ala. Code 1975, § 12-2-7(6).
Standard of Review
Although the Furmans styled their second motion as a motion to dismiss, the trial court expressly stated in its judgment that it had considered all the pleadings, motions, and exhibits filed in the civil trespass action. Accordingly, that motion was converted from a motion to dismiss into a motion for a summary judgment. See Lloyd Noland Found., Inc. v. HealthSouth Corp., 979 So.2d 784, 792 (Ala. 2007) (concluding that, because the trial court had considered matters outside the pleadings, because the face of the complaint did not reference the prior litigation, and because the doctrines of res judicata and collateral estoppel were at issue, a motion to dismiss should have been treated as one seeking a summary judgment); and Ex parte Price, 244 So.3d 949 (Ala. 2017).[5]
*978 "Our standard of review for a summary judgment is as follows:
" 'We review the trial court's grant or denial of a summary-judgment motion de novo, and we use the same standard used by the trial court to determine whether the evidence presented to the trial court presents a genuine issue of material fact. Bockman v. WCH, L.L.C., 943 So.2d 789 (Ala. 2006). Once the summary-judgment movant shows there is no genuine issue of material fact, the nonmovant must then present substantial evidence creating a genuine issue of material fact. Id."We review the evidence in a light most favorable to the nonmovant." 943 So.2d at 795. We review questions of law de novo. Davis v. Hanson Aggregates Southeast, Inc., 952 So.2d 330 (Ala. 2006).' "
Lloyd Noland, 979 So.2d at 793 (quoting Smith v. State Farm Mut. Auto. Ins. Co., 952 So.2d 342, 346 (Ala. 2006) ).
Analysis
O'Conner argues on appeal that the trial court erred by granting the Furmans' second motion to dismiss, which, as noted, was converted into a motion for a summary judgment. We agree. The Furmans argued in their second motion that O'Conner's trespass claim was barred by the doctrines of res judicata and collateral estoppel.
" 'The elements of res judicata are " '(1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both actions.' " Chapman Nursing Home, Inc. v. McDonald, 985 So.2d 914, 919 (Ala. 2007) (quoting Equity Res. Mgmt., Inc. v. Vinson, 723 So.2d 634, 636 (Ala. 1998) ).'
" Ex parte Chesnut, 208 So.3d 624, 635 (Ala. 2016)."
Osborne v. Osborne, 216 So.3d 1237, 1240 (Ala. Civ. App. 2016). With regard to collateral estoppel, our supreme court explained in Lee L. Saad Construction Co. v. DPF Architects, P.C., 851 So.2d 507, 520 (Ala. 2002) :
"For the doctrine of collateral estoppel to apply, the following elements must be established:
" ' "(1) that an issue in a prior action was identical to the issue litigated in the present action; (2) that the issue was actually litigated in the prior action; (3) that resolution of the issue was necessary to the prior judgment; and (4) that the same parties are involved in the two actions."
" ' Smith v. Union Bank & Trust Co., 653 So.2d 933, 934 (Ala. 1995). " 'Where these elements are present, the parties are barred from relitigating issues actually litigated in a prior [action].' " Smith, 653 So.2d at 934 (quoting Lott v. Toomey, 477 So.2d 316, 319 (Ala. 1985) ).'
" Biles v. Sullivan, 793 So.2d 708, 712 (Ala. 2000). 'Only issues actually decided in a former action are subject to collateral estoppel.' Leverette ex rel. Gilmore v. Leverette, 479 So.2d 1229, 1237 (Ala. 1985) (emphasis added). The burden is on the party asserting collateral estoppel to prove that the issue it is seeking to bar was determined in the prior adjudication. See Adams v. Sanders, 811 So.2d 542, 545 (Ala. Civ. App. 2001) ('Because we have no transcript of the trial in the district court, the burden is on Sanders to show that the district court determined that he was not negligent.').
*979 See also United States v. Cala, 521 F.2d 605, 608 (2d Cir. 1975) ('The burden ... is on [the one asserting collateral estoppel] to establish that the issue he seeks to foreclose from litigation in the present prosecution was necessarily decided in his favor by the prior verdict.')."
O'Conner argues on appeal that the trial court erred in granting the Furmans' second motion because, he asserts, among other things, the judgment in the boundary-line action was not final and, thus, the doctrines of res judicata and collateral estoppel did not apply. He asserts that the judgment entered in the boundary-line action failed to adjudicate a complete border for his property. We note, however, that, for all that appears in the record on appeal in this action, the judgment in the boundary-line action clearly determined the boundary line between the property belonging to O'Conner and the property belonging to the Furmans and denied the Furmans' trespass claim, thus addressing both claims asserted in the Furmans' complaint in the boundary-line action. O'Conner's assertion regarding the failure of the trial court to demarcate the remainder of his property is inapposite; that issue was not before the trial court in the boundary-line action. Accordingly, O'Conner's argument that the judgment in the boundary-line action was not final is without merit.
Although the judgment in the boundary-line action was final, we conclude that the doctrines of res judicata and collateral estoppel are otherwise inapplicable in the civil trespass action. In the boundary-line action, in which O'Conner and the Furmans were all parties, the Furmans filed a complaint seeking a determination of the boundary line between the parties' properties and asserting a trespass claim with regard to O'Conner's removal of a fence between the parties' properties. O'Conner did not assert a claim of trespass against the Furmans in the boundary-line action. Because the same cause of action was not presented in the boundary-line action as has been presented in the civil trespass action and because the issue of trespass as it related to the Furmans' purported cutting of timber was not tried in the boundary-line action, neither res judicata nor collateral estoppel applies such that the boundary-line action bars O'Conner's civil trespass action. With regard to the district-court action, O'Conner was not a party to that action.[6] Accordingly, O'Conner's civil trespass action is also not barred by either the doctrine of res judicata or the doctrine of collateral estoppel as a result of the judgment entered in the district-court action.
O'Conner included in his complaint in the civil trespass action a description of *980 his property that conflicts with the description set out in the judgment entered in the boundary-line action. Without more, however, that conflict does not render O'Conner's civil trespass action to be without merit. The trial court's determination that no genuine issue of material fact exists with regard to the boundaries between the parties' properties does not necessarily result in the failure of O'Conner's trespass claim. To succeed on his trespass claim, O'Conner was required to show that the Furmans had wrongfully cut timber on property belonging to O'Conner. See Cousins v. McNeel, 96 So.3d 846, 858 (Ala. Civ. App. 2012). The Furmans argue on appeal that aerial photos and surveys submitted as exhibits before the trial court clearly indicate that all standing timber is and was on the Furmans' property, as decided in the boundary-line action. We disagree. Although the Furmans submitted surveys and other maps of the parties' properties and the boundary line between the two properties, as determined in the boundary-line action, there is no indication regarding the dates of those maps, whether timber was present on either property or where it was located, or whether timber had been cut by the Furmans and, if so, what portion of the surrounding property the timber had been removed from.
At the hearing on the Furmans' second motion, the Furmans' counsel, who is also the Furmans' son, argued that O'Conner's civil trespass action pertained to the cutting of timber on the Furmans' property, the boundary of which, he said, was as determined in the boundary-line action. We note, however, that "[t]he unsworn statements, factual assertions, and arguments of counsel are not evidence." Ex parte Russell, 911 So.2d 719, 725 (Ala. Civ. App. 2005). The Furmans' attorney's statements indicating that the Furmans had cut timber on their own property cannot be considered evidence in support of the Furmans' motion. Id. O'Conner did not assert at any time before the trial court where, specifically, the alleged trespass had occurred. The Furmans failed to present any evidence in support of their motion indicating that they had not cut any timber on property belonging to O'Conner. Accordingly, they did not meet their burden of proof required to merit a summary judgment in their favor with regard to O'Conner's civil trespass action and the burden did not shift to O'Conner to prove that the alleged trespass had occurred on his property, the boundary of which was determined in the boundary-line action. Accordingly, we reverse the trial court's judgment and remand the case for further proceedings consistent with this opinion. To the extent that O'Conner argues that the trial court erred in prohibiting him from making "further frivolous filings," that argument is obviated by our reversal of the trial court's judgment; accordingly, we decline to address that argument. We note that, as this case proceeds, O'Conner is limited in his assertions of trespass by the boundary line established between the parties' properties in the boundary-line action.
REVERSED AND REMANDED.
Thompson, P.J., and Pittman, Thomas, and Donaldson, JJ., concur.

We note that, at times, this person's name is spelled "O'Connor" rather than "O'Conner" in the record on appeal. Because the complaint lists the plaintiff's name as "Paul O'Conner," that is the spelling we have adopted in this opinion.

O'Conner's notice of appeal also lists Olivia W. Martin as an appellee. We note, however, that Martin was not named as a defendant in O'Conner's complaint, nor was Martin served with notice of the complaint or added as a defendant before the trial court at any time. Accordingly, we have not included Martin as an appellee.

The trial court stated in its order: "Said case is transferred to CV 2003-79, Judge Wiggins." We note that, because a final judgment had been entered in the boundary-line action, see discussion, infra, the trial court's order had the effect of transferring the civil trespass action to Judge Wiggins.

We note that the Furmans' motion was styled as an "amended" motion to dismiss; because, however, their initial motion to dismiss had been denied, we consider the motion to be a second, or renewed, motion to dismiss. See, e.g., Yan Chen v. Russell Realty, LLC, 193 So.3d 717 (Ala. 2015) (in which a second motion to dismiss was filed after the denial of the first motion to dismiss).

In Brindley v. Cullman Regional Medical Center, 709 So.2d 1261, 1264 (Ala. Civ. App. 1998), this court reversed a judgment purporting to grant a motion to dismiss because, we held, that motion had been converted into a motion for a summary judgment and because, we concluded, the trial court's apparent consideration of matters outside the pleadings on the motion, without following the procedural requirements of Rule 56, Ala. R. Civ. P., was prejudicial to both parties. In the present case, O'Conner filed a number of exhibits to his response to the Furmans' original motion to dismiss. Moreover, for the reasons stated later in this opinion, O'Conner was not prejudiced by the conversion of the motion to dismiss into a motion for a summary judgment because the burden never shifted to O'Conner to present evidence creating a genuine issue of material fact. Accordingly, to the extent any error might have resulted by the conversion of the motion and the failure to follow the procedural requirements of Rule 56, such error, unlike in Brindley, was harmless, and we decline to reverse the judgment on that basis. See Rule 45, Ala. R. App. P.

One of the exhibits submitted to the trial court is an order of the Wilcox District Court in the district-court action that indicates, among other things, that O'Conner, as the alleged victim, had sought to appeal the district court's judgment determining that Herbert was not guilty of trespass. The district court noted that O'Conner, although he was the alleged victim, was not a party to the action, and, thus, it found that O'Conner had no right to appeal, pursuant to Rule 30, Ala. R. Crim. P. The district court also observed, however, that it had imposed a mutual trespass order effective between Herbert and O'Conner, and, based on that directive, the district court stated that the circuit-court judge who received the purported appeal was to decide whether O'Conner's appeal was proper and, accordingly, the district court set an appeal bond. We decline to address whether the district court's order setting an appeal bond was proper. We note, however, that the district court's order indicates, and we conclude, that O'Conner, a nonparty, did not have a right to appeal the district court's judgment with regard to its determination that Herbert was not guilty of trespass.