Rel: September 6, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## SPECIAL TERM, 2024

_____

### CL-2023-0830

_____

## Amanda Ray

### v.

## Leslie B. Ray

### Appeal from Lee Circuit Court
### (DR-18-900062.03)

HANSON, Judge.

Amanda Ray ("the former wife") appeals from a judgment entered by the Lee Circuit Court ("the trial court") dismissing her petition for clarification and enforcement of a provision in a judgment divorcing her from Leslie B. Ray ("the former husband") entered in June 2018. We

reverse the trial court's judgment dismissing her petition and remand the cause.

On January 26, 2023, the former wife filed a petition for clarification and enforcement of paragraph 20 of the parties' mediation agreement that the trial court had incorporated into the June 2018 judgment that divorced the parties, which was assigned a case number point designation of .03.[1]  In her petition, the former wife stated that paragraph 20 provided:

> "'In lieu of pension 401k retirement that was promised to [the former wife] when she agreed to move the family from Birmingham to Lake Martin for our interest in the Village, [the former wife] would receive $500,000 to be paid over ten (10) years starting January 2019 and paid in full by December 2028, with a minimum payment of $20,000 without interest. [The former husband] must maintain life insurance of $1,000,000, until the property settlement is paid in full, even if she remarries.'"

The former wife averred that the former husband had made payments toward the satisfaction of paragraph 20 on June 21, 2019, February 13,

---

[1]Apparently, the parties' original divorce judgment was entered in case number DR-18-900062.  Since the entry of that judgment but before the filing of this petition for clarification, the parties appear to have filed at least two successive actions (.01 and .02), each of which was assigned a separate case-number point designation.  The record does not reveal the substance of those actions.

2020, and December 23, 2020. However, after the December 2020, payment, the former husband refused to make any additional payments, informing the former wife "that there are no minimum payments required in the mediation agreement, but rather the entire $500,000 is due by December 2028." According to the former wife, "the intent of the mediation agreement [i.e., paragraph 20] was for [the former husband] to make a minimum payment of $20,000 each year beginning January 2019, and for the entire $500,000 to be paid in full by December 2028." Although the former wife quoted and referenced paragraph 20 from the June 2018 judgment in her petition, she did not reference or discuss any other pleadings or judgments between the parties. The former wife asked the trial court to clarify the paragraph 20 because "[t]he enforcement of [annual] payment is necessary … in order to effectuate the intent of the mediation agreement." The former wife did not attach a copy of the June 2018 judgment to her petition.

On April 13, 2023, the former husband filed a motion to dismiss, pursuant to Rule 12(b)(6), Ala. R. Civ. P. In his motion the former husband argued that the issue raised in the former wife's petition was resolved as part of the resolution of an earlier action (the DR-2018-

90062.02 action), that any ambiguity in paragraph 20 should be construed against the former wife because her attorney drafted the agreement, and that the clear language of paragraph 20 did not require him to make an annual payment. The former husband asked the trial court to dismiss the former wife's petition based on failure to state a claim, pursuant to Rule 12(b)(6); the doctrine of res judicata; and the failure to include a compulsory claim in the .02 action.

On May 11, 2023, at a hearing to address the former husband's motion to dismiss, the parties and the trial court discussed documents in the earlier actions, including the .02 action. For instance, during that discussion, the trial court stated: "Point me to that document …. I've got the file open here."[2]

On July 3, 2023, the trial court entered a judgment dismissing the former wife's petition that provided in pertinent part:

> "The court … examined documentary evidence. The court finds from the same that [the former husband's] motion is due to be and hereby is, granted.
>
> "This petition is dismissed, and the court adopts as reasoning therefor the arguments put forth in [the former husband's] motion and in court on May 11, 2023."

---

[2]The record is unclear as to the title or substance of the document the trial court is referencing.

4

On August 2, 2023, the former wife filed a postjudgment motion. In her motion, the former wife argued, among other things, that the trial court's consideration of evidence outside the pleadings when making its decision converted the former husband's motion to dismiss into a summary-judgment motion and that the trial court erred by not providing her with a reasonable opportunity to submit evidence to avoid a summary judgment. See Drees v. Turner, 10 So. 3d 601, 602-03 (Ala. Civ. App. 2008). The former wife's postjudgment motion was denied by operation of law, and, on November 21, 2023, the former wife filed her notice of appeal.

The former wife contends that because the trial court considered documents outside the pleadings in its determination to dismiss her petition, the former husband's motion to dismiss was converted to a motion for a summary judgment and she was denied a reasonable opportunity to respond accordingly.

In Brindley v. Cullman Regional Medical Center, 709 So. 2d 1261, 1263-64 (Ala. Civ. App. 1998), this court explained:

> "'When a trial court considers matters outside the pleadings
> on a motion to dismiss, that motion converts into a motion for
> summary judgment pursuant to Rule 12(b) [Ala.] R. Civ. P.,
> "regardless of its denomination and treatment by the trial

5

court."' Poston v. Smith, 666 So. 2d 833, 834 (Ala. Civ. App. 1995)(quoting Boles v. Blackstock, 484 So. 2d 1077, 1079 (Ala. 1986)).

"The pertinent portion of Rule 12(b) states:

"'If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56[, Ala. R. Civ. P.], and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.'

"If a Rule 12(b)(6) motion to dismiss is converted into a motion for a summary judgment, both parties must be given '"a reasonable opportunity to submit affidavits and other extraneous proofs to avoid a [party's] being taken by surprise through conversion of the motion to dismiss to one for summary judgment."' Poston, 666 So. 2d at 834 (quoting Hales v. First Nat'l Bank of Mobile, 380 So. 2d 797, 799 (Ala. 1980)). 'The requirements of Rule 56 apply to a converted Rule 12(b)(6) motion.' Graveman v. Wind Drift Owners' Ass'n, Inc., 607 So. 2d 199, 202 (Ala. 1992).

See also Riddle v. Everett, 332 So. 3d 430 (Ala. Civ. App. 2021); Drees v. Turner, 10 So. 3d 601, 602-03 (Ala. Civ. App. 2008). Our supreme court, in Ex parte Price, 244 So. 3d 949, 955 (Ala. 2017), and its progeny, has reiterated that, although documents outside the pleadings may be presented to the trial court, the trial court has the discretion to refuse to

consider those documents and, consequently, an appellate court "no longer assumes that a motion to dismiss must be converted to a motion for summary judgment." Borden v. Malone, 327 So. 3d 1105, 1111 (Ala. 2020). In other words, for a motion to dismiss to be converted to a motion for a summary judgment the record must affirmatively reflect that the trial court, when making its decision to grant a motion to dismiss, considered matters outside the pleadings.

A review of the record reveals that the former husband's motion to dismiss was converted to a motion for a summary judgment. The trial court affirmatively stated in its judgment that it "examined documentary evidence," and its comments at the hearing indicate that at least some of the documents were not documents referred to in the former wife's petition and central to it; therefore, the former husband's motion to dismiss was converted into a motion for a summary judgment. Because the procedural requirements of Rule 56 were not followed, the former wife was denied an opportunity to respond accordingly. Therefore, we reverse the trial court's judgment and remand the cause for proceedings consistent with this opinion. Our opinion should not be construed as a determination on the merits of the arguments presented to the trial

7

court; rather, it is only a determination that the procedural rights afforded by Rules 12 and 56 have not been provided to the former wife. See e.g., <u>Hugh P. Brindley, D.M.D., P.A. v. Cullman Reg'l Med. Ctr.</u>, 709 So. 2d 1261, 1264 (Ala. Civ. App. 1998) (remanding to assure that the procedural safeguards of Rule 56 are provided to both parties).

REVERSED AND REMANDED.

Moore, P.J., and Edwards, Fridy, and Lewis, JJ., concur.