Frank J. Roscoe appeals from a judgment confirming an arbitration award of $10,359.00 in favor of David Jones, Jr. and David Jones, Jr., Associates, Inc. (together referred to herein as "Jones"). We affirm. The appellant raises three issues for our consideration on this appeal:
 1. Whether the Roscoe-Jones predispute arbitration agreement was a legal nullity at its inception and thus could not be the basis for a lawful, judicially enforceable arbitration award because of Ala. Code 1975 § 8-1-41(3).
 2. Whether the arbitration award should be set aside on the ground that the arbitrator made a mistake, acted in bad faith, or showed partiality and bias in favor of Jones.
 3. Whether the award should be set aside on the basis of fraud and deception in obtaining the award.
The facts relevant to this appeal are as follows:
In September 1987, Roscoe and Jones entered into a contract whereby Jones was to provide architectural services for Roscoe. Specifically, Jones agreed to provide a complete set of architectural, electrical, and mechanical drawings. These plans were for the conversion of a three-story warehouse into an office, meeting, and reception center. On September 28, 1987, Jones and Roscoe entered into a contract styled "Standard Form of Agreement Between Owner and Architect." The contract contained the following provision:
"ARTICLE 9 ARBITRATION
 "9.1 All claims, disputes and other matters in question between the parties to this Agreement arising out of or relating to this Agreement or breach thereof, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association. . . .
 "This agreement to arbitrate and any agreement to arbitrate with an additional person or persons duly consented to by the parties to this Agreement shall be specifically enforceable under prevailing arbitration law.
". . . .
 "9.3 The award rendered by the arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof."
The focus of attention centered on the second floor of the warehouse. It was apparently Roscoe's intent to use the second floor as an assembly area for public gatherings and meetings.
The City of Birmingham Buildings and Inspections Department rejected the first set of drawings provided by Jones. Jones submitted a second set of plans for approval and informed the Birmingham Buildings and Inspections Department that the second floor would be used for business purposes only. The Buildings and Inspections Department then approved the second set of plans. *Page 1045 
Roscoe did the actual renovation and construction himself. After the completion of the second floor, he applied to the City of Birmingham for a liquor license. The Buildings and Inspections Department then learned of the intended use of the second floor as a public assembly area and refused to grant the liquor license. The Department also required Roscoe to close off part of the second floor until design changes were made and required Roscoe to install three additional stairwells.
Roscoe filed a proceeding under the arbitration provision — Article 9 — of the contract with Jones. Roscoe complained that Jones had breached the agreement by failing to provide architectural supervision during the project. Roscoe sought approximately $30,000.00 in damages. Jones counterclaimed, alleging that he had been induced to enter the agreement based upon Roscoe's representation that he would hire a competent general contractor or manager to perform the work. Jones further claimed that Roscoe did not adhere to his drawings and changed the intended use of the second floor and that the change required additional architectural work by Jones. Jones sought $18,590.00 for this extra work.
At the subsequent arbitration hearing, the arbitrator found that Roscoe had breached his contract with Jones and that Jones had done nothing wrong, and ordered that Roscoe indemnify and "hold Jones harmless for work done resulting in building code violations." The arbitrator awarded Jones $10,059.00. The arbitrator also assessed the administrative fees and costs of the American Arbitration Association, totalling $1,517.06, and required Roscoe to pay Jones $300.00 for the portion of costs and fees that had been previously paid by Jones. Roscoe was also required to pay the American Arbitration Association $367.06, the portion of the expenses remaining due. Finally, Roscoe was required to pay to the American Arbitration Association the $25.00 expense of the arbitrator.
On December 1, 1989, Jones filed a petition to confirm the arbitrator's award of $10,059.00 plus the $300.00 in costs and fees assessed against Roscoe. Thereafter, numerous motions were filed by both parties. The motions filed by Roscoe included a motion for review of the arbitrator's award and a motion to set aside and quash the execution of the award. The motions filed by Jones included a motion for a protective order preventing the taking of his deposition; a motion to strike affidavits filed by Roscoe and Kenneth W. Green; and a motion to strike or, in the alternative, to dismiss the motion by Roscoe to review the award. After these motions were filed, the trial court entered an order denying each of Roscoe's motions and granting Jones's motions. The court confirmed the arbitrator's award. Roscoe then filed a motion for summary judgment, a motion for "reconsideration" of the court's order confirming the award, and a motion to alter, amend, or vacate the judgment. On April 2, 1990, the trial court entered another order denying these motions. Roscoe now appeals, seeking to set aside the arbitrator's award.
Roscoe first argues that the arbitration agreement contained in the contract was a legal nullity at its inception, and, therefore, could not be the basis for a lawful or judicially enforceable award. We disagree. In support of his argument Roscoe first cites Ala. Code 1975, § 8-1-41(3), which states, "The following obligations cannot be specifically enforced: . . . (3) An agreement to submit a controversy to arbitration." However, Roscoe's reliance on this statute is misplaced. That statute has no application to this case. The record indicates that at no time did either party seek to specifically enforce the arbitration provision of the contract. Rather, Roscoe initiated the arbitration proceeding and participated in it. Jones agreed to the arbitration and filed a counterclaim. In fact, the record indicates that Roscoe controlled the proceedings and presented most of the evidence. Because Roscoe availed himself of the arbitration provision by requesting arbitration, and did nothing to indicate an objection to the provision, he has effectively waived any right to dispute its validity. *Page 1046 
Roscoe also asserts that the provision is invalid under this Court's decision in Ex Parte Warren, 548 So.2d 157 (Ala. 1989). Roscoe argues that the proper inquiry for the trial court in determining the validity of the arbitration agreement was whether, at the time the contract was entered into, the parties contemplated substantial interstate activity. Warren,548 So.2d at 160. This, Roscoe argues, determines the applicability of the Federal Arbitration Act (hereinafter "FAA"). Regardless of what Warren determines, it is clearly distinguishable on its facts and has no application or relevance to the present case.Warren involved an arbitration agreement in connection with the retail sale of an automobile. In Warren the plaintiff objected to arbitration when the defendant demanded it and there was no participation in arbitration by either party, and no award was made. In the case at bar, Roscoe made no objection to the arbitration provision of the contract, requested arbitration of the dispute, and participated in arbitration proceedings, and the arbitrator made an award. Furthermore, in Warren we indicated the narrow application of our holding:
 "Thus, we hold that, under the narrow factual context of this case, there is no basis for invoking the FAA, and an arbitration clause contained in the contract cannot be enforced under Alabama law."
Warren, 548 So.2d at 160. (Emphasis added.) Roscoe argues that the award should be set aside because the agreement did not involve interstate commerce as contemplated by the FAA. If it did not, then the FAA would not apply and under Alabama law the "pre-dispute" arbitration agreement could not be specifically enforced. § 8-1-41(3). While Warren addressed the application of the FAA and the question of interstate commerce, we see no need to do so here. As stated above, Warren involved a set of facts totally different from those now before us. There is no question here of one party seeking to enforce the arbitration agreement. Roscoe initiated the arbitration and participated without objection. Roscoe has effectively validated the provision through his actions. Therefore, under the facts of this case, we hold that Roscoe has waived his right to question whether the agreement itself was subject to specific enforcement by a court.
Roscoe next assails the arbitrator's award as a product of mistake, bad faith, partiality, and bias. In his brief, Roscoe presents us with a long list of facts that were before the arbitrator. Roscoe then argues that the facts are so clearly in his favor that by ruling for Jones the arbitrator must have made a mistake. Roscoe further asserts that the arbitrator's findings and methods evidence a partiality or bias in favor of Jones. These contentions are unsupported, as well as unpersuasive. Roscoe's allegation of mistake is grounded in his belief that the only reasonable interpretation of the facts had to be in his favor. Roscoe's subjective opinion of what the facts showed cannot be the basis for a finding of mistake when, as is the case here, the record indicates that the arbitrator made an objective interpretation of the evidence. Furthermore, the mere fact that the ruling was adverse to Roscoe is no proof that the arbitrator showed bias or partiality toward Jones. Finally, the methods used by the arbitrator in no way indicate to us the existence of bias or partiality. We see no proof whatever to support any of Roscoe's claims of mistake, bias, or partiality.
Last, Roscoe argues that the arbitrator's award was obtained through fraud and therefore should be set aside. Specifically, Roscoe alleges that Jones procured the award through false and fraudulent testimony. The record, however, reflects no instances that we can find of fraud, deceit, or false testimony. It appears to us, rather, that the arbitrator weighed the facts before him and made his decision favoring Jones based on his objective interpretation of those facts. Roscoe now attacks the arbitrator's decision as fraudulent merely because he is unhappy with the result. We agree with the trial court that the record does not support Roscoe's allegations of fraud.
For the reasons set out in this opinion, the judgment of the trial court confirming the arbitrator's award is affirmed. *Page 1047 
Jones has asked this Court to award him an attorney fee. Jones argues that this appeal was frivolous and that Roscoe has acted improperly in regard to it and that the award of such a fee is therefore warranted. However, after a careful examination of the record and of the briefs submitted, we conclude that such an award is not appropriate in this case.
AFFIRMED; MOTION FOR ATTORNEY FEE DENIED.
MADDOX, HOUSTON, STEAGALL and KENNEDY, JJ., concur.