All American Termite Pest Control, Inc. ("All American"), appeals from the Baldwin Circuit Court's order dismissing the arbitration that was being conducted between All American and Albert Bedford Walker and reinstating Walker's action against All American in the circuit court. We reverse and remand.
 Facts and Procedural History
On August 5, 1999, Walker filed an action against All American in the Baldwin Circuit Court, alleging breach of contract, negligence, and negligent misrepresentation, after a dispute arose concerning termite damage to, and All American's treatment of termites in, Walker's home. The contract in dispute contained an arbitration clause that required that "[a]ny controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration in accordance with the rules of the American *Page 738 
Arbitration Association. . . ." On September 13, 1999, All American filed a motion to compel arbitration; in that motion it requested that the trial court dismiss Walker's complaint.
Letters exchanged between the attorneys for All American and Walker indicate that, after All American filed its motion to compel arbitration, Walker agreed to a dismissal of his action in order to submit his claims to arbitration. As a result of Walker's agreement to dismiss his action, the Baldwin Circuit Court issued the following "Agreed Order" on November 8, 1999:
 "This cause having come before the Court on Defendant, All American Termite Pest Control's Motion to Compel Arbitration and Dismiss Plaintiff's Complaint, the Plaintiff consenting to the same, having been considered, it is hereby ordered, adjudged and decreed that said motion is granted and this cause is dismissed as to All American Termite Pest Control."
On January 11, 2000, Walker made a demand for arbitration and instituted arbitration proceedings with the American Arbitration Association. Walker actively participated in selecting the arbitrator and took part in a preliminary hearing on March 17, 2000. Each party conducted discovery and took depositions.
On October 26, 2000, Walker filed a motion to reinstate his civil action against All American to the Baldwin Circuit Court's trial docket, arguing various defenses to the arbitration clause. All American filed a response to Walker's motion, arguing that Walker had waived his objections to arbitration, and filed a separate motion to dismiss the action for failure to prosecute. On March 21, 2001, the trial court issued the following order: "Motion to dismiss plaintiff's motion to reinstate All American to civil trial docket is withdrawn. Arbitration is dismissed." The trial court denied All American's motion for reconsideration on April 4, 2001, and All American now appeals the trial court's dismissal of the arbitration proceedings.
 I.
Because the trial court dismissed ongoing arbitration and reinstated Walker's action, we will treat the trial court's order as a final order denying arbitration. "This Court will entertain an appeal, as a matter of right, from an order denying a motion to compel arbitration." SouthlandQuality Homes, Inc. v. Williams, 781 So.2d 949, 952 (Ala. 2000), citingA.G. Edwards Sons, Inc. v. Clark, 558 So.2d 358, 360 (Ala. 1990). This Court's review of a trial court's refusal to compel arbitration is de novo. Ex parte Roberson, 749 So.2d 441, 446 (Ala. 1999).
All American maintains that, under our holding in Dean WitterReynolds, Inc. v. McDonald, 758 So.2d 539 (Ala. 1999), the trial court lacked jurisdiction to consider Walker's defenses to the arbitration clause. Specifically, All American *Page 739 
contends that Walker's arguments in his motion to reinstate his civil action concern matters of "procedural arbitrability," and thus, it argues, are within the ambit of the arbitrator to decide, as opposed to matters of "substantive arbitrability," which are to be decided by the court. According to All American, the trial court found the arbitration clause at issue to be valid when it entered the "Agreed Order"; therefore, All American says, any other claim that Walker may assert against All American is procedural.
Walker alleges that during discovery in preparation for arbitration, he received documents from All American that would have supported defenses against All American's motion to compel arbitration in the circuit court. Specifically, Walker contends that the contract containing the arbitration clause is not his true agreement with All American. Instead, Walker asserts that another document, which does not contain an arbitration clause, represents the true agreement he had with All American. Walker further alleges that someone else signed his name to the contract containing the arbitration clause. All American disputes Walker's allegations and contends that the documents Walker claims he received from it during discovery were actually part of Walker's own production of documents to All American.
In Dean Witter, supra, this Court explained the difference between procedural and substantive arbitrability:
 "In ruling on a motion to stay judicial proceedings following a request for arbitration, the role of a court is to decide matters of `substantive arbitrability,' that is, whether there is a valid arbitration agreement between the parties and whether the specific dispute presented by the case falls within the scope of that agreement. See John Wiley Sons, Inc. v. Livingston, 376 U.S. 543, 546-47, 558, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964); Glass v. Kidder Peabody Co., 114 F.3d 446, 455 (4th Cir. 1997). Conversely, matters of `procedural arbitrability,' such as whether a party seeking arbitration has waived its right to arbitration by failing to comply with procedural requirements set forth in the arbitration agreement, are for the arbitrator to decide. See John Wiley Sons, Inc., 376 U.S. at 555-58, 84 S.Ct. 909; see also Glass, 114 F.3d at 453-56, 455 (`Defenses of laches, mere delay, statute of limitations, and untimeliness constitute a broad category of waiver defenses that may be raised to defeat compelled arbitration. Laches, like its companion defenses, however, is a matter of `procedural arbitrability' solely for the arbitrators' decision and not for the court.') . . . ."
758 So.2d at 542. In Dean Witter, the plaintiff, McDonald, did not dispute that she had entered into an arbitration agreement with Dean Witter, that that agreement was a valid contract, or that her claims fell within the scope of the arbitration agreement. Instead, McDonald argued that Dean Witter had waived its right to compel arbitration because it had failed to follow appropriate procedures in accordance with the arbitration clause, such as the timely selection of an arbitrator. Because McDonald's arguments concerned matters of procedural requirements within the arbitration process, this Court held that the arbitrator was the proper authority to address her claims.
In the case before us, it appears that Walker's arguments, had they been timely made, would have fallen within the category of "substantive arbitrability," as defined by this Court in Dean Witter. Walker essentially argues that there was no valid agreement requiring him to arbitrate his claims with All American, and we have held that it is the trial court's duty to determine whether a valid agreement exists. All American has failed to explain precisely how Walker's argument that there is no valid arbitration agreement could possibly be categorized as a matter of "procedural arbitrability," as discussed in Dean Witter, and we do not find persuasive its argument that it can be so categorized.
 II.
All American further argues, however, that even if the issue whether the parties had entered into a binding arbitration agreement was a question to be decided by the trial court, Walker waived his right to object to arbitration. All American contends that by voluntarily agreeing *Page 740 
to submit to arbitration and to dismiss his case, by initiating arbitration proceedings, and by deliberately participating in arbitration without objection for 10 months, Walker has irrevocably submitted his dispute to the authority of the arbitrator.
 "The trial court's holding as to whether a party has waived the right to compel arbitration is ordinarily reviewed under the abuse-of-discretion standard. See Thompson v. Skipper Real Estate Co., 729 So.2d 287
(Ala. 1999); Companion Life Ins. Co. v. Whitesell Mfg., Inc., 670 So.2d 897, 899 (Ala. 1995); Ex parte McKinney, 515 So.2d 693 (Ala. 1987). We will apply the same standard of review in a case, such as this one, involving a converse argument, namely, that a party has waived the right to resist arbitration."
Leon C. Baker, P.C. v. Merrill Lynch, Pierce, Fenner Smith, Inc.,821 So.2d 158, 168 (Ala. 2001).
This Court addressed the principle of waiver in Leon C. Baker, P.C., noting:
 "To be sure, courts have held that the right to object to arbitration may be waived. This principle was stated in ConnTech Dev. Co. v. University of Conn. Educ. Properties, Inc., 102 F.3d 677, 685 (2d Cir. 1996):
 "`Moreover, by waiting until September of 1993 to raise this argument before the district court, UCEPI [University of Connecticut Education Properties, Inc.] waived the right to object on the basis of ConnTech's alleged violation of a condition precedent. If UCEPI understood performance to be a condition precedent to arbitration, then UCEPI could have asserted this argument well before September of 1993, by which point the arbitration proceedings had long been underway. An objection to the arbitrability of a claim must be made on a timely basis, or it is waived. See e.g., Fortune, Alsweet Eldridge, Inc. v. Daniel, 724 F.2d 1355, 1357
(9th Cir. 1983) (unjust to permit appellant to challenge arbitration, after voluntary participation for several months, shortly before arbitrator's decision); Owen-Williams v. Merrill Lynch, Pierce, Fenner Smith, Inc., 907 F. Supp. 134, 137
(D.Md. 1995) (plaintiff's willing submission of claims to arbitration without protest during 19 days of arbitration proceedings waived any right to contest arbitration of claims), aff'd, No. 96-1442 . . . (4th Cir. Dec. 2, 1996) (per curiam); International Longshoremen's Ass'n v. West Gulf Maritime Ass'n, 594 F. Supp. 670, 674 (S.D.N.Y. 1984) ("One who voluntarily participates in arbitration will not thereafter be heard to complain that the arbitrator was without authority to act.").'"
821 So.2d at 166.
"Once a claimant submits to the authority of the arbitrator and pursues arbitration, he cannot suddenly change his mind and assert lack of authority," even if the arbitrator has not yet rendered a decision.Nghiem v. NEC Electronic, Inc., 25 F.3d 1437, 1440 (9th Cir. 1994). "In this case, neither party questioned the arbitrability either of the dispute stated in the grievance or of the issues set forth in it; the entire grievance was presented to the arbitrator without reservation. . . . [T]he result is that the grievance submitted to the arbiter defines his authority without regard to whether the parties had a prior legal obligation to submit the dispute." Piggly Wiggly Operators' Warehouse,Inc. v. Piggly Wiggly Operators' Warehouse Indep. Truck Drivers Union,Local No. 1, 611 F.2d 580, 584 (5th Cir. 1980). See also Mays v. LanierWorldwide, Inc., 115 F. Supp.2d 1330 (M.D.Ala. 2000) (plaintiff *Page 741 
was precluded from bringing action in court because he had voluntarily initiated binding arbitration and had actively participated in the arbitration proceedings).
In Roscoe v. Jones, 571 So.2d 1043 (Ala. 1990), Roscoe appealed to this Court, asking that we set aside a judgment confirming an arbitration award against him and arguing that the controlling arbitration agreement was invalid. We rejected Roscoe's argument, noting that he had voluntarily initiated the arbitration proceeding and had participated in it without any indication that he disagreed with arbitration. "Because Roscoe availed himself of the arbitration provision by requesting arbitration, and did nothing to indicate an objection to the provision, he has effectively waived any right to dispute its validity." Roscoe, 571 So.2d at 1045. Furthermore, this Court found that Roscoe had "effectively validated the provision through his actions," and thus had waived the right to dispute whether his transaction involved interstate commerce as contemplated by the Federal Arbitration Act. Roscoe, 571 So.2d at 1046.
In the case before us, we find that Walker has waived any right he had to dispute the validity of the arbitration clause at issue. The record does not indicate that Walker objected in any way to All American's motion to compel arbitration. He did not dispute the validity of the agreement; he did not question whether All American had made a sufficient showing that the transaction substantially affected interstate commerce; and he did not request any discovery. In fact, the record demonstrates that Walker made a conscious, deliberate decision to submit his dispute with All American to binding arbitration after All American filed its motion to compel in the Baldwin Circuit Court. Walker filed a request for arbitration with the American Arbitration Association, and he fully participated in arbitration proceedings for 10 months without objecting to the proceedings in any manner until he filed in the Baldwin Circuit Court a motion to reinstate his civil action. By voluntarily agreeing to and initiating arbitration proceedings, and by fully participating in the proceedings without objection for 10 months, Walker has, through his own actions, "effectively validated" the arbitration clause he now disputes.
Because we find that the trial court abused its discretion in dismissing the ongoing arbitration proceedings between Walker and All American and in reinstating Walker's case to the trial docket, we reverse the trial court's order dismissing the arbitration proceedings, and we remand the case for the entry of an order consistent with this opinion.
REVERSED AND REMANDED.
Houston, See, Lyons, Johnstone, Harwood, and Woodall, JJ., concur.
Moore, C.J., concurs in the result.
Stuart, J., recuses herself.[1]
[1] Justice Stuart was the circuit court judge in Baldwin County to whom this case was assigned during the initial proceedings in this case.