MURDOCK, Justice
(concurring specially).
I concur in the main opinion. I write separately (1) to explain my understanding of the concept of “procedural arbitrability” referenced in Brasfield & Gorrie, L.L.C. v. Soho Partners, L.L.C., 35 So.3d 601 (Ala.2009), as quoted in the main opinion, see 57 So.3d at 70, and (2) to explain further my unwillingness to embrace, as does Chief Justice Cobb in her dissent, a defense of waiver as a ground for affirming the order of the circuit court.
I first note that the defenses of statute of limitations and failure to assert a compulsory counterclaim (thus giving rise to a res judicata bar), though obviously procedural in one sense, are not “procedural arbitrability ” issues as that term has come to be understood since the United States Supreme Court’s decision in John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964). Rather, as the main opinion suggests, these are defenses that arise under state law and that ultimately may defeat a claim; they do not per se address the “arbitrability” of the claim.
“ ‘Procedural arbitrability ... involves questions that grow out of the dispute and bear on its final disposition, e.g., defenses such as notice, laches, estoppel, and other similar compliance defenses; such questions are for an arbitrator to decide. See Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 84, 123 S.Ct. 588, 154 L.Ed.2d 491 (2002) (““procedural’ questions which grow out of the dispute and bear on its final disposition are presumptively not for the judge, but for an arbitrator, to decide” ’); John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964) (holding that an arbitrator should decide whether the steps of a grievance procedure were completed, where those steps were prerequisites to arbitration ).”
Brasfield & Gorrie, 35 So.3d at 604-05 (emphasis added).
The Court in Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 84, 123 S.Ct. 588, 154 L.Ed.2d 491 (2002), explained as follows:
“[T]he Court has found the phrase ‘question of arbitrability not applicable in other kinds of general circumstance where parties would likely expect that *73 an arbitrator would decide the gateway matter. Thus ‘ “procedural” questions which grow out of the dispute and bear on its final disposition’ are presumptively not for the judge, but for an arbitrator, to decide. John Wiley [& Sons, Inc. v. Livingston, 376 U.S. 543,] at 557 [ (1964) ] (holding that an arbitrator should decide whether the first two steps of a grievance procedure were completed, where these steps are prerequisites to arbitration). So, too, the presumption is that the arbitrator should decide ‘allegation[s] of waiver, delay, or a like defense to arbitrability.’ Moses H. Cone Memorial Hospital [v. Mercury Constr. Corp., 460 U.S. 1,] at 24-25, 103 S.Ct. 927 [ (1983) ]. Indeed, the Revised Uniform Arbitration Act of 2000 (RUAA), seeking to ‘incorporate the holdings of the vast majority of state courts and the law that has developed under the [Federal Arbitration Act],’ states that an ‘arbitrator shall decide whether a condition precedent to arbi-trability has been fulfilled.’ RUAA § 6(c), and comment 2, 7 U.L.A. 12-13 (Supp.2002). And the comments add that ‘in the absence of an agreement to the contrary, issues of substantive arbi-trability are for a court to decide and issues of procedural arbitrability, i.e., whether prerequisites such as time limits, notice, laches, estoppel, and other conditions precedent to an obligation to arbitrate have been met, are for the arbitrators to decide.’ Id., § 6, comment 2, 7 U.L.A., at 13.”
(Emphasis omitted; emphasis added.)
Hoivsam gives as an example of a procedural-arbitrability issue a failure to follow a given procedure that, under a collective-bargaining agreement, was part of the process entitling the aggrieved party to arbitrate its dispute. Howsam also refers to “prerequisites” to arbitration, “such as time limits, notice, laches, estoppel, and other conditions precedent to an obligation to arbitrate.” 537 U.S. at 84. The reference is to time limits, notice, etc., that are a function of the agreement to arbitrate and thus are “conditions precedent” to the arbitration, not conditions precedent to the claim itself. That is, the reference to “prerequisites” is not intended as a reference to defenses that would simply defeat the claim as a matter of state law in a court, as. opposed to defeating merely the ability to arbitrate the claim. As one treatise explains it, the “more apt phrase” for “procedural arbitrability” is a “gateway procedural issue,” and this is intended as a reference to “the institutional rules” of the arbitration process itself, rules that arbitrators are “comparatively more expert about” and “comparatively better than judges to interpret and apply.”[2] 92 Am. Jur. Proof of Facts 1, § 42 (3d ed. 2006). The notion of a “gateway” is that of a gateway to the arbitration per se, not a gateway to a viable claim under otherwise applicable state or federal law.[3]
*74 The state-law defenses of statute of limitations and failure to plead as a compulsory counterclaim asserted in this case do not go to the availability of arbitration per se (i.e., they are not “gateways” to arbitration) and accordingly do not constitute “procedural arbitrability” issues. Nonetheless, as the main opinion concludes, they are issues for the arbitrator to address and to decide because they go to “the ultimate viability of DHSF’s claims” themselves.[4]
As for the willingness of the dissent to affirm the circuit court’s order on the alternative ground of waiver, I note that waiver is a defense that entails factual determinations. See, e.g., Nunnelley v. GE Capital Info. Tech. Solutions-North America, 730 So.2d 238, 241 (Ala.Civ.App.1999) (“Generally, the issue whether there has been a waiver is a question for the finder of fact.”). Accordingly, for this reason, if not others, if waiver was not raised in the circuit court, it cannot serve in the context of this case as a ground for affirming the circuit court’s order. Reliance at this stage by this Court upon such a ground, without having given Knight the *75 opportunity to address it both factually and legally, would run afoul of the due-process exception to the general affirm-on-any-valid-legal-ground rule. See Liberty Nat’l Life Ins. Co. v. University of Alabama Health Servs. Found., P.C., 881 So.2d 1013, 1020 (Ala.2003) (the general affirm-on-any-valid-legal-ground “rule fails in application only where due-process constraints require some notice at the trial level, which was omitted, of the basis that would otherwise support an affirmance, such as when a totally omitted affirmative defense might, if available for consideration, suffice to affirm a judgment”).[5]
I further note that the waiver issue as presented here[6] appears to be a perfect example of a “procedural arbitrability” question. It is one that grows out of the dispute and, specifically, is a function of the contractual limits intended by the parties on their right to arbitrate a dispute between them. As noted above, “ ‘[procedural arbitrability1 ... involves questions that grow out of the dispute and bear on its final disposition, e.g., defenses such as notice, laches, estoppel, and other similar compliance defenses; such questions are for an arbitrator to decide.” Brasfield & Gorrie, 35 So.3d at 604. This question, therefore, is one that the arbitrator, not this Court, must decide.

. Obviously, an arbitrator is not “comparatively more expert” than a judge in applying a traditional, statute-of-limitations defense to a claim or in applying a defense that the claimant failed to allege the claim as a compulsory counterclaim in a prior proceeding or with sufficient particularity for purposes of Rule 9(b), Ala. R. Civ. P.

.

"[T]he relevant question here is what kind of arbitration proceeding the parties agreed to.

That question does not concern a state statute or judicial procedures, cf. Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior Univ., 489 U.S. 468, 474-476 (1989). It concerns contract interpretation and arbitration procedures. Arbitrators are well situated to answer that question. Given these considerations, along with the arbitration contracts' sweeping language concerning the scope of the questions committed to árbitration, this *74 matter of contract interpretation should be for the arbitrator, not the courts, to decide. Cf. Howsam, supra, at 83, 123 S.Ct. 588 (finding for roughly simitar reasons that the arbitrator should determine a certain procedural ‘gateway matter')."
Green Tree Fin. Corp. v. Bazzle, 539 U.S. 444, 452-53, 123 S.Ct. 2402, 156 L.Ed.2d 414 (2003).
Compare Massachusetts Highway Dep’t v. Perini Corp., 444 Mass. 366, 377, 828 N.E.2d 34, 42 (2005) ("[T]he question involvefd] the sequence of prerequisites for the dispute’s submission to the board, and thus, presented] ... an issue of procedural arbitrability similar to ‘time limits, notice, laches, estoppel, and other conditions precedent to an obligation to arbitrate.' ” (citation omitted)).
See generally 13D Charles Alan Wright et al., Federal Practice & Procedure § 3569 (3d ed. 2010) (emphasis added; citations omitted) ("[T]he [Supreme] Court has held that the following issues do not raise questions of arbi-trability and thus should (absent agreement to the contrary) be decided in the first instance by the arbitrator: whether a claim is barred by a temporal limitation contained in the arbitration rules of the National Association of Securities Dealers, whether an arbitration agreement’s limitation on recovery of punitive damages barred a claim for treble damages under RICO, and whether an arbitration agreement forbids class arbitration. Generally, questions about arbitration procedure should be resolved in the first.instance by the arbitrator.”).
In Southern United Fire Insurance Co. v. Howard, 775 So.2d 156, 163-64 (Ala.2000), this Court gave a nonexhaustive, but illustrative, list of issues that constitute “procedural arbitrability” issues: the rules governing the arbitration proceeding; the arbitrators' fees and other costs associated with the arbitration proceeding; which party is responsible for paying costs other than the arbitrators’ fees; what substantive law governs the arbitrators' decision; the qualifications of the arbitrators; the parties’ discovery rights; whether or how a record is to be made of the arbitration proceedings; whether the arbitrators are required to make any findings supporting their decision; and the provisions for review or enforcement of the arbitrators’ decision.
”[M]atters of 'procedural arbitrability,’ such as whether a party seeking arbitration has waived its right to arbitration by failing to comply with procedural requirements set forth in the arbitration agreement, are for the arbitrator to decide." Dean Witter Reynolds, Inc. v. McDonald, 758 So.2d 539, 542 (Ala.1999).

. As for the alleged failure to plead with the particularity required by Rule 9(b), Ala. R. Civ. P., I do not understand the Alabama Rules of Civil Procedure to be applicable in an arbitration proceeding. See 4 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1015 (3d ed. 2002) (explaining that, with certain exceptions, the Federal Rules of Civil Procedure are not applicable to arbitration proceedings conducted under the Federal Arbitration Act.) Thus, if pleading fraud with certain specificity is a "gateway” to arbitration of a fraud claim, it is so as a result of the contractual intent of the parties to the arbitration agreement and properly may be viewed as an issue of "procedural arbitrability.”

.
"On appeal, Bentley raises for the first time issues of unconscionability. Uncon-scionability is an affirmative defense that must be specially pleaded. AmSouth Bank v. Dees, 847 So.2d 923 (Ala.2002). Bentley neither pleaded nor argued below uncon-scionability as a basis for avoidance of the arbitration agreement at issue. This Court can affirm the judgment of a trial court on a basis different from the one on which it ruled, Smith v. Equifax, 537 So.2d 463 (Ala.1988), but the constraints of procedural due process prevent us from extending that principle to a totally omitted affirmative defense. Accordingly, we reject Bentley’s unconscionability argument.”
Ameriquest Mortgage Co. v. Bentley, 851 So.2d 458, 465 (Ala.2002).

. The argument presented is that DHSF's delay in asserting its claim against Knight constitutes a waiver of its right to arbitrate that claim, not a waiver of the claim itself under general principles of state law.