BOLIN, Justice.
On April 28, 2010, Yan Chen, who had a business interest in Yami Buffet, Inc., an Asian restaurant, entered into a 10-year lease agreement with Russell Realty, LLC, and MRT, LLC. The property to be leased was located in Greenville. The lease agreement was drafted by Russell Realty and contained an arbitration clause that provided, in pertinent part:
“Arbitration: If any dispute, claim or controversy arises out of the terms or matters within this Agreement, the parties hereto agree that any and all such claims, disputes or controversies shall first be sent to a mediator certified under the qualification of the Alabama State Bar Association, and if not resolved through mediation, then settled in a final and binding arbitration administered by the American Arbitration Association, Judgment upon the award may be entered in any court having a jurisdiction thereof.”
On June 5, 2012, Rusáell Realty and MRT sued Chen along with Qiaoyun He, Joe Zou, and Yami Buffet, Inc., in the Butler Circuit Court, alleging breach of contract. On July 16, 2012, Russell Realty and MRT filed a motion for a default judgment against Chen and the other defendants.[1] On July 19, 2012, Chen filed a response to the motion, alleging that she had been in China from April 2012 through June 26, 2012, and that she had not been personally served with notice of the lawsuit. On July 26, 2012, Chen filed a motion to dismiss the complaint, asserting that the lease agreement contained an arbitration clause and -that “said complaint! ] fails to state any measures that have been taken in lieu of the fulfillment of such agreed Arbitration Clause.” On October 10, 2012, the trial court denied both Russell Realty and MRT’s motion for a default judgment and Chen’s motion to dismiss.
On November 26, 2012, Chen filed a motion to compel arbitration, asserting that, as “part of Plaintiffs!’] lease agreement, plaintiff[s] agreed to binding arbitration as evidenced by the Arbitration Clause on page 6, item 22 of the executed lease as attached hereto.” On January 10, 2013, the> trial court granted Chen’s motion, stating that Chen “may seek arbitration as called for in the original ■ contract, All other matters are stayed for 180 days pending the outcome of arbitration.”
On May 3, 2013, Chen filed a second motion to dismiss, alleging that Russell Realty and MRT had refused to mediate and had refused to' arbitrate. -Chen asked *719 the court to “dismiss the above-styled. civil action and order the Plaintiff[s] to file for mediation as set out.in the. lease which forms the relationship between the parties to this litigation.” On June 1, 2013, Russell Realty and MRT filed an objection to Chen’s second motion to dismiss, asserting that “time of the stay set by the court has almost expired and Defendant Yan Chen has not made any movement, act, or effort to seek Arbitration to resolve the issues.” Russell Realty and MRT again sought a default judgment against the defendants, including Chen. The trial court held a hearing on Chen’s second motion to dismiss on July 11,2013. .
On January 13, 2014, Russell Realty and MRT filed a motion to set the case for trial, ■ On January 14, 2014, Chen filed an objection to setting the case for trial. She asserted that counsel for Russell Realty and MRT had failed to respond to her attempts to seek a settlement before the hiring of a mediator or arbitrator and that, subsequently, she had contacted a mediator/arbitrator and Russell Realty and MRT had not responded to her choice of mediator/arbitrator. On January 17, 2014, the trial court entered the following order:
“This matter was previously ordered to arbitration; however the arbitration was never conducted. Upon further review of the lease agreement at issue, the arbitration provision requires that the case first be sent to mediation, and if not resolved through mediation,- then settled in a final and binding arbitration administered by-%he American Arbitration Association. It is, therefore ordered, adjudged and decreed as follows:
“1. Pursuant to Section 6-6-20, Code of Alabama 1975, the Court orders mediation in this case as follows:
“2. Mediation shall be conducted within sixty (60) days from the date of this order, with Jim A. Rives, of Ball, Ball Mathews & Novak, P.A., to serve as mediator, subject to the availability of the mediator. The mediation shall be held, at a mutually convenient location, agreeable to the mediator.
“3. The parties, persons with settlement authority, and counsel shall all appear and be present- during mediation.
“4. The cost of the mediation shall be divided equally between the parties to be paid at the conclusion of the mediation. If the parties fail to pay as ordered, the Court will appropriately allocate the costs of mediation, except attorneys’ fees,, and tax such as costs.
“5. The mediator shall immediately notify the court if the mediation is unsuccessful.
“6. If any party fails to mediate as set forth above, the Court may impose sanctions pursuant to Rule 37 of the Alabama Rules of Civil Procedure.”
On February 21, 2014, the mediator filed a report with the court stating:
“1. -The Mediation was previously set for February 11, 2014, but had to be cancelled/rescheduled due to inclement weather. The Mediation took place on February 17, 2014. In attendance for "the Plaintiffs were Russ Russell, Jerry Wood and Scott Hooper (attornéy for Plaintiffs). Defendants, He Qiao Yun [sic] and Zou Joe [sic] were not in attendance. Defendant Chen Yan [sic] was not in attendance, but was represented by her attorney, Yue Li, who was in' attendance at the Mediation with settlement authority and immediate phone access to Defendant_"From a review of the Court’s file, the Mediator was unable to find addresses for Yun and Joe to send a Notice of the Mediation. For that reason, settlement negotiations *720 took place only between the Plaintiffs and the Defendant, Chen Yan.
“2. The negotiations did not result in settlement. It is the opinion of the Mediator that additional efforts to settle this case through Mediation would not be successful without the involvement of the remaining Defendants, whose addresses/contact information were not found in [the] AlaCourt [Web site] by the Mediator.”
On March 12, 2014, Russell Realty and MRT filed a motion for sanctions against Chen and the other defendants. On March 13, 2014, Chen filed a response to the motion. On April 17, 2014, the trial court entered an order denying the motion for sanctions against Chen. The court entered a default judgment against the remaining defendants and set the matter for a hearing on damages on July 29, 2014. Although the trial court denied the motion for sanctions, the court stated: “[H]aving considered the decision of the Defendant Yan Chen to not follow the previous orders of this court in regard to both arbitration and mediation, it is further ordered that a final hearing between the plaintiffs and the Defendant Yan Chen is hereby set for Tuesday, July 29, 2014.”
A hearing was held on July 29, 2014. On September 8, 2014, Chen filed a notice of appeal, purportedly from the July 29, 2014, hearing. The trial court then entered an order stating that the Chen’s appeal was moot as the court had not yet entered a final order. On February 10, 2015, the trial court entered an order awarding Russell Realty and MRT $682,050.10 against all the defendants, including Chen, jointly and severally. Chen appealed.
At the outset, we note that this case comes to us in an unusual procedural posture. Russell Realty and MRT sued Chen and others on June 5; 2012. On November 26, 2012, Chen asserted her right to arbitration under the lease agreement executed by the parties.[2] The trial court granted the motion to arbitrate and stayed the underlying action. On May 3, 2013, Chen filed a motion to dismiss the complaint against her, alleging that Russell Realty and MRT had refused to arbitrate. On January 13, 2014, Russell Realty and MRT sought to set the case for trial. Ultimately, on January 17, 2014, the trial court correctly concluded that the arbitration clause in the lease agreement provided first for mediation and then, if mediation was unsuccessful, for arbitration.
“When a trial court compels arbitration, it must do so in a manner consistent with the terms of the arbitration provision. See Ex parte Cappaert Manufactured Homes, 822 So.2d 385, 387 (Ala.2001) (‘[section] 5 [of the Federal Arbitration Act] mandates that the method set forth in the arbitration agreement be followed’); Southern Energy Homes Retail Corp. v. McCool, 814 So.2d 845 (Ala.2001) (trial court directed to vacate its order because it failed to compel arbitration in a manner consistent with the terms of the agreement between the parties); Ex parte Dan Tucker Auto Sales [, Inc., 718 So.2d 33 (Ala.1998) ] (trial court erred in assigning administrative fees of arbitration to the defendant when the Rules of the [American Arbitration Association] provided for the relief of a party in the event of hardship). A trial court’s order *721 compelling arbitration that changes the terms of the arbitration provision will be reversed when
“‘it appears that the trial court, although it ordered the parties to arbitrate, failed to compel arbitration in a manner consistent with the terms of [the] arbitration provision.’
“McCool, 814 So.2d at 849.”
BankAmerica Hous. Servs. v. Lee, 833 So.2d 609, 618 (Ala.2002).
Following the terms of the arbitration clause, the trial court ordered that the parties enter into mediation. When the mediation was not successful, Russell Realty and MRT sought a default judgment against the defendants other than Chen and sought sanctions against Chen. In response, the trial court reinstated Russell Realty and MRT’s case, entered a default judgment as to the defendants other than Chen and set a hearing on damages. With regard to Chen, the trial court denied Russell Realty and MRT’s motion for sanctions and ordered Chen to attend a “final hearing.” The trial court apparently concluded that Chen had waived her right to arbitrate because Chen was ordered to appear at the hearing held on July 29, 2014. At that point, Chen had not even filed an answer to the complaint, and no discovery had taken place. It appears that counsel for Chen understood the hearing to be in regard to the arbitration proceedings because the trial court had recognized that it was required to comply with the terms of the arbitration clause, had ordered mediation, mediation had failed, and Chen continued to assert her right to arbitration in accordance with the lease agreement, which required arbitration following an unsuccessful mediation.
We will treat Chen’s appeal from the trial court’s February 10, 2015, order as an appeal from the denial of a motion to compel arbitration. We do so because, after the trial court determined that the arbitration clause provided that the parties must mediate first and then proceed to arbitration, the trial court ultimately reinstated Russell Realty and MRT’s case. “Because the trial court dismissed ongoing arbitration and reinstated [the plaintiffs’] action, we will treat the trial court’s order as a final order denying arbitration.” All American Termite & Pest Control, Inc. v. Walker, 830 So.2d 736, 738 (Ala.2002).
A trial court’s decision as to whether a party has waived the right to compel arbitration is reviewed de novo on appeal. Hales v. ProEquities, Inc., 885 So.2d 100, 104 (Ala.2003). “ ‘[T]here is a presumption against a court’s finding that a party has waived the right to compel arbitration.’ ” Lee v. YES of Russellville, Inc., 784 So.2d 1022, 1028 (Ala.2000) (quoting Eastern Dredging & Constr., Inc. v. Parliament House, L.L.C., 698 So.2d 102, 103 (Ala.1997)). A party seeking to prove a waiver of a right to arbitrate carries a heavy burden, and the courts will not lightly infer a waiver of the right to compel arbitration. Lee, 784 So.2d at 1028-29 (citing Mutual Assurance, Inc. v. Wilson, 716 So.2d 1160 (Ala.1998)).
In Ocwen Loan Servicing, LLC v. Washington, 939 So.2d 6 (Ala.2006), the plaintiff argued that the defendant had waived its right to arbitration either by its conduct with reference to a provision in the agreement dealing with the time in which to make demand for arbitration or by its conduct during the course of the litigation. Here, the trial court was apparently looking to Chen’s conduct with regard to enforcing the arbitration agreement and not to her conduct during the course of the litigation. However, we cannot say that Chen waived her right to arbitrate. Russell Realty drafted the lease agreement that contained the arbi *722 tration clause, which provided for mediation first and then, if mediation was unsuccessful, for binding arbitration pursuant to the American Arbitration . Association Rules. The trial court did enter an order requiring mediation in compliance with the terms of the lease agreement. The mediator reported to the court that mediation had failed, likely as a result of the lack of participation by the other defendants not appearing. Chen asserted that those defendants had not been properly served. Chen has asserted her right to arbitrate throughout the proceedings. The trial court’s order entered a default judgment against the other defendants and set a hearing on damages. The trial court set a “final” hearing for Chen at' the same time as the hearing on damages for the defendants who ’ had defaulted. Although the trial court used the word “final,” the order of April 17, 2014, could have been construed' as setting a final hearing on Chen’s arbitration request because the terms of the arbitration clause had not been met, and there had been no answer, no discovery, no witness lists, etc., to indicate that Chen was to appear at a “final hearing” for a trial on the merits.
Based on the foregoing, we reverse the judgment ,of the trial court with regard to Chen and remand the case for the trial court to enter an order requiring arbitration in accordance with the terms of the lease agreement,
REVERSED AND REMANDED.
MAIN and BRYAN,-JJ., con'cur.
MOORE, C.J., and MURDOCK, J., concur in the result.

. There appears to be a dispute as to whether the other defendants were properly served.

. It appears that Yan Chen and Qiaoyun He signed the lease agreement as lessees and that Joe Zou signed as a guarantor.